# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| v. | ) ID No. 1609020077 |
| | ) Cr. A. Nos. IN16-11-0384, etc. |
| DAMIRE L. KENNEDY, | ) |
| Defendant. | ) |

Submitted: January 28, 2019
Decided: March 1, 2019

## ORDER

*Upon Defendant, Damire L. Kennedy's, Motion for Postconviction Relief,*
**DENIED.**

This 1st day of March, 2019, upon consideration of the Defendant Damire L. Kennedy's *Pro Se* Motion for Postconviction Relief (D.I. 20), the Commissioner's Report and Recommendation that Mr. Kennedy's *Pro Se* Motion for Postconviction Relief should be **DENIED** (D.I. 31),[1] and the record in this case, it appears to the Court that:

(1) Damire L. Kennedy was indicted on November 7, 2016, for Possession of a Firearm By a Person Prohibited ("PFABPP"), Reckless Endangering in the First Degree (six counts), Possession of a Firearm During the Commission of a Felony

---

[1] The Commissioner, finding that Mr. Kennedy's request failed to meet the criteria of this Court's Criminal Rule 61(e), also denied his motion for appointment of postconviction counsel. D.I. 30.

(six counts), and Criminal Mischief-Misdemeanor (four counts).[2]  Mr. Kennedy pleaded guilty to the PFBPP charge and two of the reckless endangering counts.[3] He did so in exchange for dismissal of the remaining charges and the State's agreement that it would cap its recommendation for unsuspended Level V time at 11 years (the first ten of which are mandatory).[4]  On May 11, 2017, Mr. Kenney was sentenced as follows:  PFBPP - 12 years and six months at Level V, suspended after ten years for two years and six months at Level IV (DOC Discretion), suspended after six months for two years at Level III; Reckless Endangering First Degree (IN16-11-0387) – three years at Level V, suspended after one year for two years at Level III; and, Reckless Endangering First Degree (IN16-11-0388) – three years at Level V, suspended after one year for two years at Level III.[5]  Mr. Kennedy did not appeal his convictions or sentence, but he did file a motion for sentence modification that was denied on September 27, 2017.[6]

---

[2]  Indictment, *State v. Damire L. Kennedy*, ID No. 1609020077 (Del. Super. Ct. Nov. 7, 2016) (D.I. 1).

[3]  Plea Agreement and TIS Guilty Plea Form, *State v. Damire L. Kennedy*, ID No. 1609020077 (Del. Super. Ct. Feb. 28, 2017) (D.I. 15).

[4]  *Id.*

[5]  Sentence Order, *State v. Damire L. Kennedy*, ID No. 1609020077 (Del. Super. Ct. May 11, 2017) (D.I. 17).

[6]  D.I. 19

(2)  In May 2018, Mr. Kennedy filed a timely *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.[7]

(3)  That motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.

(4)  After affording Mr. Kennedy expansion of the record and supplemental briefing, it became necessary to refer the matter to a successor commissioner. Commissioner Katharine L. Mayer, without delay, filed her Report and Recommendation on January 25, 2019.  The Commissioner recommended that Mr. Kennedy's Motion for Postconviction Relief be denied.[8]

(5)  "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[9] Neither Mr. Kennedy nor the State filed an "objection" to the Commissioner's Report pursuant to Criminal Rule 62(a)(5)(ii).

---

[7]  D.I. 20.

[8]  *State v. Kennedy*, 2019 WL 355718 (Del. Super. Ct. Jan. 25, 2019).

[9]  Super. Ct. Crim. R. 62(a)(5)(ii).

(6)     The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[10]  There is no doubt, after a thorough review of the record in this case, that Mr. Kennedy's guilty plea was knowing, voluntary, and intelligent. Nor is there any doubt that his counsel was wholly effective in investigating Mr. Kennedy's case, negotiating its resolution, assisting him while entering his guilty plea, litigating the issues counsel had a good faith basis to believe had merit, and advocating for Mr. Kennedy at his sentencing hearing.

(7)     **NOW THEREFORE**, after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation of January 25, 2019, Mr. Kennedy's Motion for Postconviction Relief is **DENIED**.

**SO ORDERED this 1st day of March, 2019.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:     Hon. Katharine L. Mayer
John S. Taylor, Deputy Attorney General
A. Dale Bowers, Esquire
Mr. Damire L. Kennedy, *pro se*

---

[10]     *Id.* at 62(a)(5)(iv).

-4-